# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| DANIYAR AZIMOV; GULSHAT AZIMOVA; ALIAKBAR AZIMOV; DAMIRZHAN AZIMOV; DENIZA AZIMOVA; ALMUKHAMAD AZIMOV; RUZANA AZIMOVA;<br>    4627 Shumard Lane<br>    Naperville, IL 60564<br><br>             Plaintiff(s)<br><br>            v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>    2707 Martin Luther King Jr. Ave, SE<br>    Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>    950 Pennsylvania Avenue, NW<br>    Washington, DC 20530-0001<br><br>            Defendant(s). | Civil Action No: 1:23-cv-1040 |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

1

**INTRODUCTION**

COME NOW DANIYAR AZIMOV, (hereinafter "Plaintiff DANIYAR" or collectively "Plaintiffs"), GULSHAT AZIMOVA (hereinafter "Plaintiff GULSHAT" or collectively "Plaintiffs"), ALIAKBARAZIMOV (hereinafter "Plaintiff ALIAKBAR" or collectively "Plaintiffs"), DAMIRZHAN AZIMOV (hereinafter "Plaintiff DAMIRZHAN" or collectively "Plaintiffs"), DENIZA AZIMOVA (hereinafter "Plaintiff DENIZA" or collectively "Plaintiffs"), ALIMUKHAMAD AZIMOV (hereinafter "Plaintiff ALIMUKHAMAD" or collectively "Plaintiffs"), and RUZANA AZIMOVA (hereinafter "Plaintiff RUZANA" or collectively "Plaintiffs"), by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiffs are citizens of Kazakhstan and acquired asylee status in the United States on March 20, 2018. Having accumulated one year or more of time in asylee status, they have the right to apply for permanent resident status by filing Form I-485, Application to Register Permanent Residence or Adjust Status (hereinafter "Applications" or Form I-485s).

2. On April 3, 2019, Plaintiffs filed seven separate Form I-485, Applications for Adjustment of Status ("Application") with the United States Citizenship and Immigration Services ("USCIS").

3. This action is brought as a result of Defendant's failure to adjudicate Plaintiffs' respective Applications within a reasonable period of time. The Application has been pending since April 3, 2019, for a period of over four years (over 48 months or 1471 days), which is over seven times the historical average processing time for similar filings made in 2019[1]. The Plaintiffs have a clear right to the adjudication of theirs Applications in a timely manner. The final adjudication of the

---
[1] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

Applications is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

4. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate Plaintiff's case. Per USCIS, most, if not all, offices have resumed in person interviews and appointments to adjudicate applications and additionally, the delay in adjudicating the Plaintiffs' respective Applications predates the COVID-19 Pandemic. As such, COVID-19 related issues do not prohibit the scheduling of an interview or an officer's decision in this matter.

5. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants, and those acting under them, to take action on the Applications.

## PARTIES

6. Plaintiff DANIYAR AZIMOV is a resident of DuPage County, Illinois. He is the applicant of Form I-485, Application for Adjustment of Status.

7. Plaintiff GULSHAT AZIMOVA is a resident of DuPage County, Illinois. She is the applicant of Form I-485, Application for Adjustment of Status.

8. Plaintiff ALIAKBAR AZIMOV is a resident of DuPage County, Illinois. He is the applicant of Form I-485, Application for Adjustment of Status.

9. Plaintiff DAMIRZHAN AZIMOV is a resident of DuPage County, Illinois. He is the applicant of Form I-485, Application for Adjustment of Status.

10. Plaintiff DENIZA AZIMOVA is a resident of DuPage County, Illinois. She is the applicant of Form I-485, Application for Adjustment of Status.

11. Plaintiff ALMUKHAMAD AZIMOV is a resident of DuPage County, Illinois. He is the applicant of Form I-485, Application for Adjustment of Status.

12. Plaintiff RUZANA AZIMOVA is a resident of DuPage County, Illinois. She is the applicant of Form I-485, Application for Adjustment of Status.

13. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

14. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

15. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

**JURISDICTION AND VENUE**

16. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

17. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

18. The Plaintiffs have supplied USCIS with documents that establish his eligibility for the approval of their respective Applications.

19. The Plaintiff has exhausted his administrative remedies. There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

20. On March 20, 2018, Plaintiffs acquired asylee status in the United States. **[EXHIBIT A].**

21. On April 3, 2019, Plaintiffs properly filed seven separate Form I-485, Applications to Register Permanent Residence or Adjust Status with USCIS (Receipt# SRC1990344228; SRC1990344214; SRC1990344220; SRC1990344216; SRC1990344218; SRC1990344223; and SRC1990344226, respectively). **[EXHIBIT B].**

22. USCIS was able to reuse the previously captured fingerprints and biometrics for Plaintiff DANIYAR, Plaintiff GULSHAT, Plaintiff ALIAKBAR, Plaintiff DAMIRZHAN, and Plaintiff DENIZA. Plaintiff ALMUKHAMAD and Plaintiff RUZANA were scheduled for their biometrics appointments which were completed on April 22, 2021, at the designated USCIS Application Support Center. [**EXHIBIT C].**

23. Since the scheduled biometrics appointment for Plaintiff ALMUKHAMAD and Plaintiff RUZANA, USCIS has made no further requests for information or evidence from any of the Plaintiffs.

24. Plaintiff has made numerous inquiries over the past four years, (over 48 months or 1471 days) with USCIS, requesting the adjudication of theirs Applications. However, Plaintiff's inquiries have not resulted in any meaningful response from USCIS. Defendants have acknowledged that Plaintiff's case is outside normal processing times. **[EXHIBIT D]**.

25. Plaintiff s' Applications have now been pending with USCIS for over four years (over 48 months or 1471 days).

26. USCIS has published a historical average processing time in 2019 of 6.7 months for the adjudication of Form I-485 based on a grant of asylum. Plaintiff's Application has been pending for over 48 months, which is over seven times the historical average processing time as reported by USCIS.[2]

27. Defendants have refused to provide further explanation which would merit the need for seven times the historical average processing time to adjudicate Plaintiffs' respective Applications when they have all the necessary documentation to complete the adjudicative process.

28. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their case has been pending due to inaction by the Defendants.

29. Furthermore, Plaintiffs have been unable to receive their permanent resident status and have lost time which would have accrued towards their qualification to naturalize as U.S. Citizens.

30. Moreover, Plaintiffs have incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiffs' respective Applications within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA – I-485 APPLICATIONS FOR ALL SEVEN NAMED PLAINTIFFS

31. All prior paragraphs are re-alleged as if fully stated herein.

---

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

32. Plaintiffs have a statutory right to apply for adjustment of their status to permanent residents by filing Form I-485, Applications for Adjustment of Status pursuant to INA 209(a).

33. Defendants have a duty to adjudicate Plaintiffs' respective Applications within a reasonable period of time under 5 U.S.C. §555(b).

34. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

35. No other adequate remedy is available to Plaintiffs.

36. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate their respective Applications.

37. Given the Defendants' lack of a reason for not making a decision on Plaintiffs' Form I-1485 Applications for over four years (over 48 months or 1471 days) Plaintiffs' respective Applications have been pending for an unreasonably long period of time.

38. Defendants have failed in their statutory duty to adjudicate the Applications in a reasonable time.

39. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiffs' respective Applications and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

40. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiffs' respective Applications, thereby depriving Plaintiffs of the rights to which they are entitled.

41. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees. Further, Plaintiffs have been unable to receive their permanent resident status and

have lost time which would have accrued towards their qualification to naturalize as U.S. Citizens. In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

42. Moreover, Plaintiffs have incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiffs' respective Applications within a reasonable period of time.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' respective Form I-485, Applications to Register Permanent Residence or Adjust Status.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' respective Applications immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: April 13, 2023

Respectfully submitted,

/s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*